**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ROBERT CUNNINGHAM,**         ) | **CASE NO. 1:13CV1369** |
| **Party in Interest for**             ) | |
| **MARY E. CUNNINGHAM, deceased,**  ) | **JUDGE GEORGE J. LIMBERT** |
|                                              ) | |
| **Plaintiff,**                     ) | |
| **v.**                                   ) | |
|                                              ) | |
| **CAROLYN W. COLVIN**[1]**,**    ) | **MEMORANDUM OPINION & ORDER** |
| **ACTING COMMISSIONER OF**    ) | |
| **SOCIAL SECURITY,**             ) | |
|                                              ) | |
| **Defendant.**                  ) | |

Robert Cunningham, acting as party in interest ("Mr. Cunningham") for Mary E. Cunningham ("Plaintiff") seeks judicial review of the final decision of Carolyn W. Colvin ("Defendant"), Acting Commissioner of the Social Security Administration ("SSA"), denying Plaintiff's application for Disability Insurance Benefits ("DIB"). ECF Dkt. #1. For the following reasons, the Court REVERSES the ALJ's decision and REMANDS this case to the ALJ for further proper articulation and analysis under the treating physician rule.

**I.      PROCEDURAL AND FACTUAL HISTORY**

Plaintiff applied for DIB on August 31, 2010, alleging disability beginning October 9, 2009 due to sciatic nerve problems and a disc herniation. ECF Dkt. #12 ("Tr.") at 71, 143, 170. The SSA denied Plaintiff's applications initially and on reconsideration. *Id*. at 83-96. Plaintiff requested an administrative hearing, and on February 10, 2012, an ALJ conducted an administrative hearing by videoconference and accepted the testimony of Plaintiff and a vocational expert ("VE"). *Id*. at 31, 97. On March 7, 2012, the ALJ issued a decision denying benefits. *Id*. at 18-25. Plaintiff appealed the decision, and on May 8, 2013, the Appeals Council denied review. *Id.* at 1-14.

On June 21, 2013, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1. On June 30, 2013, Plaintiff passed away. ECF Dkt. #17 at 1, n.1.

---

[1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security, replacing Michael J. Astrue.

On October 22, 2013, Mr. Cunningham, through counsel, filed a brief on the merits on behalf of Plaintiff. ECF Dkt. #15. On November 21, 2013, Defendant filed a brief on the merits. ECF Dkt. #16. On November 22, 2013, Mr. Cunningham, through counsel, filed a reply brief. ECF Dkt. #17.

## II.   SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION

On March 7, 2012, the ALJ determined that Plaintiff suffered from degenerative disc disease ("DDD") of the lumbar, cervical and thoracic spine, and obesity, which qualified as severe impairments under 20 C.F.R. §404.1520(c). Tr. at 20. The ALJ further determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, 20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526 ("Listings"). *Id*. at 21.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with the abilities to: lift, carry, push and pull twenty pounds occasionally and ten pounds frequently; stand or walk for a total of six hours of an eight-hour workday; sit for two hours per eight-hour workday; frequently climb ramps and stairs; frequently stoop, kneel and crouch; and occasionally crawl. Tr. at 21. He further found that Plaintiff could never climb ladders, ramps or scaffolds. *Id.*

Based upon this RFC and the testimony of the VE, the ALJ concluded that Plaintiff could perform her past relevant work as an administrative assistant. Tr. at 24. As a consequence, the ALJ found that Plaintiff had not been under a disability as defined in the SSA and was not entitled to DIB.

## III.   STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and

> 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));
>
> 4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));
>
> 5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992).  The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step.  *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## **IV.**    **STANDARD OF REVIEW**

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability.  This Court's review of such a determination is limited in scope by §205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. §405(g).  Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards.  *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citation omitted).  Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007).  Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled.  The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference."

*Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (citations omitted).

## V.   LAW AND ANALYSIS—TREATING PHYSICIAN RULE

In the sole assertion of error, Mr. Cunningham argues that the ALJ erred by not giving controlling weight to the opinions of Plaintiff's treating physician, Dr. Cogan, and instead substituted his own judgment for that of the physician. ECF Dkt. #15 at 15-19.

An ALJ must adhere to certain standards when reviewing medical evidence in support of a claim for social security. Most importantly, the ALJ must generally give greater deference to the opinions of the claimant's treating physicians than to those of non-treating physicians. SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004). A presumption exists that the opinion of a treating physician is entitled to great deference. *Id.*; *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 243 (6th Cir. 2007). If that presumption is not rebutted, the ALJ must afford controlling weight to the opinion of the treating physician if that opinion regarding the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Wilson,* 378 F.3d at 544. When an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must consider the following factors in determining the weight to give to that opinion: the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. *Id.*

If an ALJ decides to discount or reject a treating physician's opinion, he must provide "good reasons" for doing so. SSR 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how his case is determined, especially when he knows that his treating physician has deemed him disabled and he may therefore " 'be bewildered when told by an administrative bureaucracy that he is not,

unless some reason for the agency's decision is supplied.' " *Wilson,* 378 F.3d at 544 quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir.1999).  Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* If an ALJ fails to explain why he rejected or discounted the opinions and how those reasons affected the weight accorded the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243, citing *Wilson*, 378 F.3d at 544.

The Sixth Circuit has noted that, "while it is true that a lack of compatibility with other record evidence is germane to the weight of a treating physician's opinion, an ALJ cannot simply invoke the criteria set forth in the regulations if doing so would not be 'sufficiently specific' to meet the goals of the 'good reason' rule." *Friend v. Commissioner of Soc. Sec.*, No. 09-3889, 2010 WL 1725066, at *8 (6th Cir. Apr.28, 2010). For example, where an ALJ failed to describe "the objective findings that were at issue or their inconsistency with the treating physician opinions," remand has been ordered. *Barrett v. Astrue*, 2011 WL 6009645, at *6 (E.D.Ky. Dec.1, 2011).  The Sixth Circuit has held that an ALJ's failure to identify the reasons for discounting opinions, "and for explaining precisely how those reasons affected the weight" given "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Parks v. Social Sec. Admin.*, No. 09-6437, 2011 WL 867214, at *7 (6th Cir. March 15, 2011) (quoting *Rogers*, 486 F.3d at 243 ).

In Dr. Cogan's February 15, 2011 opinion, which is after Plaintiff's date last insured of December 31, 2010, he concluded that Plaintiff could lift and carry up to five pounds intermittently and only occasionally because of pain that she suffered with walking and standing and additional weight would increase that pain. Tr. at 536.  He also opined that Plaintiff could stand/walk for one hour total during an eight-hour workday and for half an hour without interruption and she could sit for up to two to three hours per workday up to one hour at a time without interruption.  *Id*. Dr. Cogan indicated that Plaintiff could never climb, crouch, kneel or crawl and she could only occasionally balance and stoop due to her persistent low back pain. *Id.* at 537.  He further found that Plaintiff's abilities to reach, push/pull, and operate moving machinery were impacted by her

-5-

impairments and exposure to temperature extremes, chemicals, humidity and vibration would also affect her impairments because it would increase her pain. *Id*.

On December 29, 2011, well after her date last insured, Dr. Cogan completed a medical source statement as to Plaintiff's mental health and he indicated that she was not able to: understand and remember detailed instructions; maintain attention and concentration for extended periods of time; complete a normal workday and workweek without interruptions from psychologically based symptoms or perform at a consistent pace without an unreasonable number and length of rest periods; travel in unfamiliar places; set realistic goals; or make plans independently of others. Tr. at 1252-1253. He further opined that Plaintiff would be off task or distracted from job activity more than twenty percent of the workday or workweek in the areas of carrying out detailed instructions and making simple work-related decisions. *Id.* He also concluded that Plaintiff would be off task and distracted eleven to twenty percent of the workday or workweek in the areas of: remembering locations and work-like procedures; performing activities within a schedule; maintaining regular attendance and being punctual; sustaining an ordinary routine without special supervision; accepting instructions and responding appropriately to criticism from supervisors; responding appropriately to changes in the work setting; and in being aware of normal hazards and taking appropriate precautions. *Id.* He further opined that Plaintiff would be absent more than four days per month due to her impairments or treatment for her impairments. *Id*. at 1253.

Dr. Cogan completed another physical medical source statement on December 29, 2011. Tr. at 1254-1255. He opined that Plaintiff could lift and carry less than five pounds, she could stand/walk one to two hours per workday and up to half an hour without interruption, and she could sit for two to three hours per workday up to half an hour to one hour without interruption. *Id*. at 1254. As medical support for such findings, Dr. Cogan noted that Plaintiff had weakness and a lack of coordination, as well as osteoarthritis with neck and back pain. *Id.* He further concluded that Plaintiff could never climb, balance, stoop, crouch, kneel or crawl and her abilities to reach, handle, push/pull, be around heights, and operate moving machinery were impacted by her impairments. *Id.* He opined that exposure to temperature extremes, chemicals, dust, noise, fumes, humidity and vibration would also affect her impairments because she had poor balance and weakness. *Id*. at

-6-

1255. Dr. Cogan also concluded that Plaintiff would likely be off task twenty-five percent or more of a typical workday because her symptoms would interfere with her attention and concentration to perform even simple work tasks. *Id*.

The ALJ acknowledged Dr. Cogan as Plaintiff's treating physician. Tr. at 23. He also acknowledged Dr. Cogan's medical opinions of February 15, 2011 and December 29, 2011. *Id.* However, he attributed "little weight" to Dr. Cogan's opinions as to the severity of Plaintiff's physical impairments, stating that they were inconsistent with Dr. Cogan's "own objectively reported findings and with other treating source medical evidence within the record." *Id*. He further indicated that Dr. Cogan's opinions were not supported by the "diagnostic imaging and treatment contained in the objective medical record." *Id*. As to Dr. Cogan's medical source statement concerning Plaintiff's mental impairments, the ALJ attributed "little weight" to that opinion, explaining that Dr. Cogan was outside of his specialty in making such opinions and Plaintiff did not allege any limitations from mental impairments in her disability application. *Id*. at 24.

The Court finds that the ALJ's generic references to "objectively reported findings" and "other treating source medical evidence" are insufficient to meet the good reasons requirement for attributing less than controlling weight to Dr. Cogan's opinions. The Sixth Circuit Court of Appeals found very similar generic references insufficient to meet the requirements of the treating physician rule in *Gayheart v. Commissioner of Social Security*, 710 F.3d. 365, 376 (2013). In that case, the Sixth Circuit found that substantial evidence did not support the ALJ's decision to give "little weight" to the opinions of a treating physician. The Court held that while the ALJ indicated that the treating physician's opinion failed both prongs of the controlling weight test, he failed to provide good reasons for why the opinion did not meet either prong of the test. *Id.* The ALJ had concluded that the treating physician's opinions were "not well-supported by the objective findings," but the Court held that this was too ambiguous to meet the good reasons rule. *Id.* at 377. The Court also held that while the ALJ had discussed the nature of the treating physician's relationship with the claimant and the internal inconsistencies of the physician's opinions with portions of her reports, these were factors that were to be applied only after the ALJ determined that a treating physician's opinion was not entitled to controlling weight. *Id*. at 376. The Sixth Circuit found that the ALJ's

failure to provide good reasons for attributing less than controlling weight to the treating physician's opinions hindered a meaningful review of whether the ALJ properly applied the treating physician rule. *Id*. at 377. The Court also held that the ALJ's failure to identify the substantial evidence that was inconsistent with the treating physician's opinions also hindered the review. *Id*.

Similarly in the instant case, the ALJ relied upon generic references to the "objectively reported findings" without identifying such findings or even providing citations to such findings. Tr. at 23. He also referred to "other treating source medical evidence within the record" but failed to identify such evidence as well. *Id*. Consequently, this Court is unable to conduct a meaningful review of whether the ALJ properly applied the treating physician rule.

Of course, there are instances where an ALJ's failure to comport with the treating source doctrine may be deemed harmless. A violation of the rule might constitute "harmless error" where (1) "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it"; (2) "the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion"; or (3) "the Commissioner has met the goal of §1527(d)(2) – the provision of the procedural safeguard of reasons – even though [ ]he has not complied with the terms of the regulation." *Wilson*, 378 F.3d at 547. None of these exceptions apply here. Defendant does not assert that Dr. Cogan's opinions are patently deficient and it is clear that Dr. Cogan's opinions were not adopted and the ALJ's findings were not consistent with those opinions. In addition, the "ALJ's failure to follow the Agency's procedural rule does not qualify as harmless error where [the court] cannot engage in 'meaningful review' of the ALJ's decision." *Blakley v. Comm'r Of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir.2009) (quoting *Wilson*, 378 F.3d at 544). That is the case here.

Since the Court remands the instant case for proper articulation of the treating physician rule, the Court also suggests that the ALJ reevaluate and provide more thorough explanation of his treatment of Dr. Cogan's December 29, 2011 opinion as to the nature and severity of Plaintiff's mental health impairments.

## **VI.** **CONCLUSION**

For the foregoing reasons, the Court REVERSES the ALJ's decision and REMANDS the instant case to the ALJ for further analysis and articulation of Dr. Cogan's opinions under the treating physician rule.


DATE: September 12, 2014

                                                   */s/George J. Limbert*
                                                   GEORGE J. LIMBERT
                                                   UNITED STATES MAGISTRATE JUDGE